**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Johnny Lee Roy NORTON, Defendant-Appellee.**

**In re UNITED STATES of America, Petitioner.**

**Nos. 76-1873, 76-3306 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1976.

John W. Stokes, Jr., U. S. Atty., Richard A. Horder, Asst. U. S. Atty., Atlanta, Ga., Marc Philip Richman, Atty., Appellate Section, Crim. Div., T. George Gilinksy, Jerome M. Feit, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

J. Hue Henry, Federal Public Defender Program, (Court-appointed in D. C.), Athens, Ga., Newell Edenfield (U. S. Dist. Court Judge), Atlanta, Ga., for defendant-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

The United States petitions this court for a writ of mandamus [No. 76–3306] directing the district court to (1) vacate its order of February 10, 1976 directing a parole hearing, and (2) vacate its order of March 15, 1976 reducing sentence of appellee Johnny Lee Roy Norton to time served. Alterna-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tively, the Government appeals from these orders [No. 76–1873]. Inasmuch as the district court was without authority to issue the contested orders, we direct that the writ of mandamus issue. *See United States v. Mehrtens,* 5 Cir., 1974, 494 F.2d 1172, *infra.*

On March 30, 1973, Norton was convicted on his plea of guilty to transporting a stolen vehicle across state lines in violation of 18 U.S.C. § 2312 and received a probated sentence. On February 20, 1975, probation was revoked and Norton was sentenced to two years' imprisonment, subject to immediate parole eligibility under 18 U.S.C. § 4208(a)(2). Subsequently, Norton timely requested a reduction of sentence by letter to the sentencing judge. The district judge denied the request without a formal order and Norton was so advised by letter from his probation officer. Later on February 10, 1976, the district judge decided to issue a formal order denying the request for reduction of sentence but stayed his order for 30 days during which period the Government was ordered to afford Norton a parole review hearing. In his order the district judge announced his intention to reconsider his ruling on the motion for sentence if the parole hearing was not timely held. On March 15, 1976, the district judge, noting that the Government had declined to afford defendant the parole hearing, reduced the sentence to time served and Norton was released on March 19, 1976.[1] The Government thereafter filed notice to appeal and petition for mandamus.

*The order directing a parole hearing.*

■ It is settled in this circuit that "determination of eligibility for parole is wholly within the discretion of the Parole Board", *Thompkins v. U. S. Board of Parole,* 5 Cir., 1970, 427 F.2d 222, 223, and that courts are without power "to determine judicially eligibility for parole. . . .", *Tarlton v. Clark,* 5 Cir., 1971, 441 F.2d 384,

385. Absent "flagrant, unwarranted, or unauthorized action", (which we do not find here) the Parole Board's actions are not subject to judicial review, *Scarpa v. U. S. Board of Parole,* 5 Cir., 1973, 477 F.2d 278, 283. The order directing a parole hearing was therefore beyond the authority of the district court.

*The order reducing sentence.*

■ Fed.R.Crim.P. No. 35 provides in pertinent part:

> "The court may reduce a sentence within 120 days after the sentence is imposed . . . ."

The court's order in the present case was entered more than a year after imposition of sentence. We have consistently held that the 120-day time limit is jurisdictional. *United States v. Gorman,* 5 Cir., 1970, 431 F.2d 632; *United States v. Granville,* 5 Cir., 1972, 456 F.2d 1073; *United States v. Mehrtens,* 5 Cir., 1974, 494 F.2d 1172. The power of the court to reduce defendant's sentence expired, therefore, on June 20, 1975, and it was without jurisdiction to enter the order of March 15, 1976.

■ In *United States v. Mehrtens,* supra, which also involved the untimeliness of a court order under Rule 35, the Government, as here, sought both a writ of mandamus to compel the district judge to vacate an order reducing sentence and an appeal from the same order. We found, because of the lack of jurisdiction by the district court to grant the motion, that the writ of mandamus was the appropriate remedy. We adhere to our ruling in *Mehrtens.*

Appeal dismissed in No. 76–1873; writ of mandamus ordered to issue in No. 76–3306.[2]

---

1. The court reasoned that defendant's ten-month setoff for parole consideration violated the spirit of the "A–2" sentence and undermined the sentencing intent of the court.

2. As in *Mehrtens,* we find that formal issuance of the writ is not deemed necessary to assure the district court's compliance. A copy of this opinion issued as a mandate should suffice.