UNITED STATES of America,
Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF OHIO, Western Division at Toledo, Respondent.

No. 80–3381.

United States Court of Appeals,
Sixth Circuit.

Feb. 24, 1981.

Janis H. Kockritz, U.S. Dept. of Justice, Washington, D. C., James R. Williams, U.S. Atty., Cleveland, Ohio, for petitioner.

William M. Connelly, Connelly, Soutar & Jackson, Toledo, Ohio, William C. Bryson, Washington, D. C., for respondent.

Before MERRITT, BROWN and KENNEDY, Circuit Judges.

## ORDER

Richard Lawrence received a plea bargained seven year sentence for unarmed bank robbery on February 9, 1979. Law-

rence filed a timely (within 120 days pursuant to Rule 35) motion to reduce the sentence. Hearings on the motion were held by the district court in September and October, 1979, the government opposed the motion, but no action was taken. In December, 1979, Lawrence appeared before a parole panel which recommended a presumptive parole date of June, 1981, but in January, 1980, the Parole Commission ordered that Lawrence remain in prison until June, 1982. In March, 1980, Lawrence's counsel submitted a memorandum to the court, adding some information to support Lawrence's claim to reduction of sentence, and the next day the district court ordered that Lawrence's sentence be reduced to twenty-eight months or to June 6, 1981, whichever was earlier. The order recited that one reason for the delay in acting on the motion was that the court was waiting on information from Lawrence's case manager.

Lawrence was transferred to a halfway house in June, 1980 and was released, due to good time credits, in December, 1980.

In June, 1980, three months after the sentence was reduced, the government petitioned this court for a writ of mandamus, directing the district court to vacate its order reducing the sentence on the ground that it had no jurisdiction to order such reduction at the time that it did. The government does not contend the district court could not reduce the sentence after the 120 day period had passed, the motion having been filed within such period; but it does contend that such cannot be done after a "reasonable" time for action has passed since the court thereby loses jurisdiction. *See, e. g., United States v. Mendoza,* 581 F.2d 89 (5th Cir. 1978) (en banc). The government further contends that the nine months that had elapsed since the 120 day period had expired was more than a reasonable time for action. The government also contends that the district court, as shown by the record, substituted its judgment for that of the Parole Commission. Lastly, the government contends that mandamus would lie since the district court had no jurisdiction to enter the order reducing sentence.

The district court's position is that the delay of three months after the district court's order before filing the petition for mandamus is reason enough for denying the petition. The district court also contends that mandamus would not lie since it did have "jurisdiction" to enter the order, the motion to reduce having been filed within 120 days. Lastly, the district court's position is that an appeal under 28 U.S.C. § 1291 was the only avenue of review open to the government and that, this being so, mandamus was unavailable.

We conclude that, as the Ninth Circuit decided in *United States v. Hetrick,* 627 F.2d 1007 (1980), appeal under § 1291 was available to the government for review of the district court's order reducing sentence and therefore mandamus was not available. We need not elaborate since *Hetrick* is a well-reasoned and full opinion.

It is therefore Ordered that the petition for writ of mandamus be and the same is hereby dismissed.