UNITED STATES of America

v.

**Oladell Samuel IKUOBOLATI.**

**Crim. No. 86–463.**

United States District Court, E.D. Louisiana.

Oct. 27, 1988.

Jan Maselli Mann, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Oladell Samuel Ikuobolati, pro se.

ORDER AND REASONS

MENTZ, District Judge.

On September 15, 1988 the defendant, Oladell Samuel Ikuobolati filed a motion to correct a sentence on the ground that it was imposed in an illegal manner pursuant to Federal Rules of Criminal Procedure 35(a) and 32(c)(3)(D). In this motion, the defendant argues under Rules 32(c)(3)(D) and 35(a) that misleading and incorrect information contained in his pre-sentence in-

vestigation (PSI) report warrants a correction of his sentence. He also argues that under sentencing guidelines effective subsequent to his sentencing, a different sentence could be imposed for his type of offense, further supporting his motion for correction of sentence.

The motion was subsequently taken under submission without oral argument. The Court, after reviewing the record, the memoranda of counsel, and the applicable law, denies defendant's motion for the reasons set forth below.

Rule 32(c)(3)(D) is procedural and accordingly a motion to correct a sentence involves the purely legal question of whether this Court complied with the rule at sentencing. Essentially, if the defendant or his counsel objects to the factual accuracy of the (PSI) report at sentencing, the rule requires the Court to either make a finding as to the allegation, or a determination that the controverted matter will not be taken into account in sentencing. *United States v. Velasquez*, 748 F.2d 972, 974 (5th Cir. 1984).

█ In *Velasquez*, the Fifth Circuit remanded a case for re-sentencing because the district court made no response to the defendant's counsel's objection to a portion of the PSI. In the present case, this Court complied with Rule 32(c)(3)(D). In his motion, the defendant objects to certain prior convictions contained in the PSI report. However, neither the defendant nor his counsel made any objection at sentencing to the portion of the PSI report concerning prior convictions. Insofar as the prior conduct stated in the PSI report was not objected to by either the defendant or his counsel at sentencing, defendant's contention that his sentence is illegal for failure to comply with Rule 32(c)(3)(D) is without merit.

█ Likewise, defendant's argument that his sentence is illegal because sentencing guidelines have changed subsequent to his sentencing is also without merit. The defendant in this case has the benefit of being considered for parole by the Parole Commission because he was sentenced before the new sentencing guidelines became effective. These new sentencing guidelines contain no parole provisions. See *United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979) (a case pre-dating the new federal sentencing guidelines holding that subsequent changes in parole guidelines "do not retroactively affect the validity of the final judgment[s]"). Furthermore, regardless of whether a judge may have had release date expectations with respect to a particular defendant's sentencing, any such expectation is unenforceable because the authority to determine whether a defendant [sentenced under the then existing parole guidelines] will be released on parole is vested in the Parole Commission, not the sentencing judge. *United States v. Dean*, 752 F.2d 535, 544 (5th Cir.1985). It is irrelevant that the sentencing judge's belief was based on knowledge of the parole system or on a prediction contained in the (PSI) report. *Id.*

The Fifth Circuit's opinion in *Dean* is dispositive in the present case. The actual authority to release a defendant on parole who was sentenced prior to the effective date of the new sentencing guidelines is vested in the Parole Commission, notwithstanding the new sentencing guidelines. The PSI report contained only an estimate of the number of months that the defendant was likely to have to serve. Thus, the defendant's sentence is not "illegal" simply because of a parole date prediction in his PSI report.

Accordingly,

IT IS ORDERED, that the defendant's motion for correction of sentence is DENIED.