July 20, 1993

[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

____________________

No. 92-2326 

NESTOR FERNANDO-MANRIQUE,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Walter Jay Skinner, 
U.S. District Judge
]

____________________

Before

 Torruella, Cyr and Boudin,

Circuit Judges
.

____________________

Nestor Fernando-Manrique
 on brief pro se.

A. John Pappalardo
, United States Attorney, and 
Jeffrey A. Locke
, Assistant United States Attorney, on brief for appellee.

____________________

____________________

 

Per Curiam
The first claim is that the PSI failed to contain any information concerning the amount or purity of the cocaine involved in appellant's offense. Appellant alleges that due to the omission of this information from the PSI he has been denied hearings before the Parole Commission on four occasions. The Court of Appeals for the Third Circuit rejected a similar claim concerning an omission in the PSI of any information concerning the drugs involved in the offense in 
United States
 v. 
Katzin
, 824 F.2d 234 (3d Cir. 1987). The court stated:

In this case, Katzin objects that because the PSI never included the disputed facts, the court had no opportunity to make findings. But the very fact that the court did not even have the information available to it demonstrates that it did not rely on the disputed facts in making the sentencing decision. This lack of reliance means that there was no prejudice to the actual sentencing decision. In addition, there could be no misleading of parole or prison officials because the disputed information did not come to them with any indication of judicial approval.

Id.
 at 239-40. Because appellant cannot demonstrate that the sentencing court relied on the information, he cannot establish that he was prejudiced. Appellant is not left without remedies, however. Under the parole regulations, he may dispute any information that the Parole Commission uses in setting his parole status. 
See
See
 
id.
The second claim is that the PSI contained erroneous information concerning the estimated parole guidelines.
1:
The Parole Commission uses two variables to set probable parole ranges. The first is the "Offense Severity" and the second is the "Salient Factor Score." 
See
Id.
 The probation officer combines the two scores to arrive at an estimate relative to how much time an inmate probably will serve before being released on parole.

 Specifically, appellant points out, and the government agrees, that the Salient Factor Score of Four listed in the PSI is wrong. This score, combined with appellant's Offense Severity rating of Five, resulted in an estimate of 48 to 60 months imprisonment before release on parole. Rather, due to the fact that appellant has no prior convictions, the proper Salient Factor Score is Ten. This would reduce the customary time served before release to 24 to 36 months. Appellant essentially argues that the judge relied on the 48-60 month estimate in imposing the ten-year sentence. Applying the correct Salient Factor Score of Ten, appellant calculates, should have resulted in a five-year sentence.

This claim fails. Although it is true that 
a sentence based on "misinformation of a constitutional magnitude" or "materially untrue" assumptions of fact may violate due process, 
United States
 v. 
Tucker
, 404 U.S. 443, 447 (1972), 
not every type of error is cognizable on collateral attack. 
See
 
United States
 v. 
Addonizio
, 442 U.S. 178, 186 (1979) (section 2255 relief based on errors of fact available only where such errors are fundamental in nature and are essential to the "`validity of the legal proceeding itself'") (citation omitted). In 
United States
 v. 
Dean
, 752 F.2d 535 (11th Cir. 1985), 
cert.
 
denied
, 479 U.S. 824 (1986), the court held that 
Addonizio
 "completely foreclose[d] Dean's argument that the sentence was `illegal' merely because the sentencing judge was mistaken about the length of time Dean would likely serve prior to parole." 752 F.2d at 543 (footnote omitted).

The Court's message in 
Addonizio
 could not have been stated more clearly. A sentence is not "illegal" simply because the original sentencing judge mistakenly believed that the Parole Commission would release the defendant before the end of the defendant's full sentence. Whether the sentencing judge's belief was based on the judge's own knowledge of the parole system 
or on a prediction contained in the presentence report is irrelevant
.

Id.
 at 544 (emphasis added).

Appellant's claim that Egbert provided ineffective assistance of counsel in violation of the Sixth Amendment by not bringing the erroneous Salient Factor Score to the court's attention falls short for the same reason. To prevail on such a claim, appellant must demonstrate that Egbert's professional conduct fell below an objective standard of reasonableness 
and
 that his "deficient performance" had a detrimental effect on the judgment. 
See
 
Strickland
 v. 
Washington
, 466 U.S. 668, 687, 691 (1984). Because the court did not rely on the mistaken Salient Factor Score in arriving at a sentence, Egbert's failure to raise it could not have prejudiced appellant.

It is, of course, possible that the error in the Salient Factor Score could complicate matters before the Parole Board. Having received a sentence twice as long as the government recommended, we think that the appellant has suffered enough misfortune without adding to it the risk of any further misunderstanding about his prior history. Since the government has conceded in its brief that the true Salient Factor Score is Ten, a favorable figure, we will direct that a copy of this opinion be transmitted by the Clerk directly to the Parole Board with a letter drawing attention to this paragraph.

 Based on the foregoing, the judgment of the district court is 
affirmed
It is so ordered
.