998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nestor FERNANDO-MANRIQUE, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 92-2326.
 United States Court of Appeals,
First Circuit.
 July 20, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Nestor Fernando-Manrique on brief pro se.
 A. John Pappalardo, United States Attorney, and Jeffrey A. Locke, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Nestor Fernando-Manrique appeals from the denial of his motion to set aside his sentence under 28 U.S.C. § 2255. We have carefully reviewed the record, the parties' briefs and the district court's decision. Based on the detailed and diligent analysis contained in Judge Skinner's 23-page Memorandum and Order which disposes of most of appellant's claims, we affirm the court's judgment for essentially the reasons Judge Skinner has stated. However, the Memorandum and Order understandably, given the prolix nature of appellant's pleadings, failed to identify two issues. We therefore add the following.
 
 
 2
 The first claim is that the PSI failed to contain any information concerning the amount or purity of the cocaine involved in appellant's offense. Appellant alleges that due to the omission of this information from the PSI he has been denied hearings before the Parole Commission on four occasions. The Court of Appeals for the Third Circuit rejected a similar claim concerning an omission in the PSI of any information concerning the drugs involved in the offense in United States v. Katzin, 824 F.2d 234 (3d Cir. 1987). The court stated:
 
 
 3
 In this case, Katzin objects that because the PSI never included the disputed facts, the court had no opportunity to make findings. But the very fact that the court did not even have the information available to it demonstrates that it did not rely on the disputed facts in making the sentencing decision. This lack of reliance means that there was no prejudice to the actual sentencing decision. In addition, there could be no misleading of parole or prison officials because the disputed information did not come to them with any indication of judicial approval.
 
 
 4
 Id. at 239-40. Because appellant cannot demonstrate that the sentencing court relied on the information, he cannot establish that he was prejudiced. Appellant is not left without remedies, however. Under the parole regulations, he may dispute any information that the Parole Commission uses in setting his parole status. See 28 C.F.R. § 2.19(c). He also may appeal a parole decision to the National Appeals Board. See id. § 2.26.
 
 
 5
 The second claim is that the PSI contained erroneous information concerning the estimated parole guidelines.[1] Specifically, appellant points out, and the government agrees, that the Salient Factor Score of Four listed in the PSI is wrong. This score, combined with appellant's Offense Severity rating of Five, resulted in an estimate of 48 to 60 months imprisonment before release on parole. Rather, due to the fact that appellant has no prior convictions, the proper Salient Factor Score is Ten. This would reduce the customary time served before release to 24 to 36 months. Appellant essentially argues that the judge relied on the 48-60 month estimate in imposing the ten-year sentence. Applying the correct Salient Factor Score of Ten, appellant calculates, should have resulted in a five-year sentence.
 
 
 6
 This claim fails. Although it is true that a sentence based on "misinformation of a constitutional magnitude" or "materially untrue" assumptions of fact may violate due process, United States v. Tucker, 404 U.S. 443, 447 (1972), not every type of error is cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 186 (1979) (section 2255 relief based on errors of fact available only where such errors are fundamental in nature and are essential to the " 'validity of the legal proceeding itself' ") (citation omitted). In United States v. Dean, 752 F.2d 535 (11th Cir. 1985), cert. denied, 479 U.S. 824 (1986), the court held that Addonizio "completely foreclose[d] Dean's argument that the sentence was 'illegal' merely because the sentencing judge was mistaken about the length of time Dean would likely serve prior to parole." 752 F.2d at 543 (footnote omitted).
 
 
 7
 The Court's message in Addonizio could not have been stated more clearly. A sentence is not "illegal" simply because the original sentencing judge mistakenly believed that the Parole Commission would release the defendant before the end of the defendant's full sentence. Whether the sentencing judge's belief was based on the judge's own knowledge of the parole system or on a prediction contained in the presentence report is irrelevant.
 
 
 8
 Id. at 544 (emphasis added).
 
 
 9
 In any event, what is fatal to appellant's claim is the fact that the district court did not rely on the Salient Factor Score at all in its sentencing determination. At the hearing, the court stated that it based the ten-year sentence on the recommendation contained in the PSI. This recommendation is not released to the parties; out of an abundance of caution, we obtained it from the Probation Department. Upon review, it is plain that the probation officer placed no reliance on the estimated parole release range, much less on the Salient Factor Score. Indeed, no reference was made to the "Sentencing Data" sheet which contains this information.
 
 
 10
 Appellant's claim that Egbert provided ineffective assistance of counsel in violation of the Sixth Amendment by not bringing the erroneous Salient Factor Score to the court's attention falls short for the same reason. To prevail on such a claim, appellant must demonstrate that Egbert's professional conduct fell below an objective standard of reasonableness and that his "deficient performance" had a detrimental effect on the judgment. See Strickland v. Washington, 466 U.S. 668, 687, 691 (1984). Because the court did not rely on the mistaken Salient Factor Score in arriving at a sentence, Egbert's failure to raise it could not have prejudiced appellant.
 
 
 11
 It is, of course, possible that the error in the Salient Factor Score could complicate matters before the Parole Board. Having received a sentence twice as long as the government recommended, we think that the appellant has suffered enough misfortune without adding to it the risk of any further misunderstanding about his prior history. Since the government has conceded in its brief that the true Salient Factor Score is Ten, a favorable figure, we will direct that a copy of this opinion be transmitted by the Clerk directly to the Parole Board with a letter drawing attention to this paragraph.
 
 
 12
 Based on the foregoing, the judgment of the district court is affirmed. We strike the supplemental appendix filed by appellant; it contains a transcript of Georgeau's grand jury appearance which was not part of the record below. We also deny appellant's motion to reconsider our order refusing his request to hold his appeal in abeyance.
 
 
 13
 It is so ordered.
 
 
 
 [1]
 The Parole Commission uses two variables to set probable parole ranges. The first is the "Offense Severity" and the second is the "Salient Factor Score." See 28 C.F.R. § 2.20. This score represents a defendant's prior criminal history and predicts the risk of parole violation. Id. The probation officer combines the two scores to arrive at an estimate relative to how much time an inmate probably will serve before being released on parole