MARTIN, Circuit Judge,
concurring:
I concur in the majority’s decision affirming the District Court’s denial of Mr. Rainey’s writ of audita querela. Because the record does not reflect that the length of time the state prison authorities would require Mr. Rainey to serve on his 15-year state prison sentence made any difference to the District Court at sentencing, I would affirm the District Court’s denial of relief on this basis alone. Having reached that decision, I would not go on to decide whether a material mistake of fact is cognizable in a writ of audita querela. Neither would I decide the related questions of whether such a mistake is (or is not) cognizable under 28 U.S.C. §§ 2241 or 2255.
My review of the sentencing transcript and the presentence report lead me to conclude that the District Court did not base Mr. Rainey’s sentence on a mistake of fact. I simply find no record support for Mr. Rainey’s assertion that the District Court “was operating under a mistake of fact concerning [Mr.] Rainey’s undischarged state sentence, or that his decision to run the two sentences consecutively was driven in any way by his understanding of how much good time [Mr.] Rainey would be granted by state corrections officials.” Doc. 159 at 4. Just the opposite seems true.
At the time of Mr. Rainey’s federal sentencing in 1995, the then-mandatory United States Sentencing Guidelines required the District Court to run Mr. Rainey’s federal sentence consecutive to his undischarged 15-year state sentence. See USSG § 5G1.3(a) (1994) (“If the instant offense was committed while the defendant was serving a term of imprisonment ... or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment” (emphasis added).). Here, the presentence report (PSR) indicated that USSG § 5G1.3 required the district court to run Mr. Rainey’s federal sentence consecutive to Mr. Rainey’s undischarged term of state imprisonment. See PSR ¶ 82. And the District Court specifically overruled Mr. Rainey’s objection to PSR paragraph 82 during the sentencing hearing. See Doc. 157-5 at 13 (“Objection 82 ... the Court will deny that objection. The Court will not have this run concurrently.”). Thus it seems clear that the District Court imposed Mr. Rainey’s federal sentence to run consecutive to his 15-year state sentence of imprisonment because the Guidelines compelled it, not because of some mistake about Mr. Rainey’s anticipated release date for his state sentence.
On this record, I would not reach the question of whether a material mistake of fact is a cognizable basis for invoking the writ of audita querela or the related questions of whether a material mistake of fact is cognizable under 28 U.S.C. ¶¶ 2241 or 2255. While I agree with the majority that common ■ law writs are unavailable where statutory forms of relief are available, see Majority Opinion at 838, I hesitate to decide the larger issue of cognizability, such as whether a material mistake *840 of fact that impacts a federal sentence is cognizable under § 2241, but not § 2255. It is my understanding “that a sentencing court cannot rely on false assumptions without violating the due process clause,” at least in some circumstances. See United States v. Dean, 752 F.2d 535, 544 (11th Cir.1985) (quotation marks omitted); see also United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) (remanding for resentencing “a sentence founded at least in part upon misinformation of constitutional magnitude”); Townsend v. Burke, 334 U.S. 736, 740-41, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948) (explaining the Court’s concern that “this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue”; and that, “[s]uch a result, whether caused by carelessness or design, is inconsistent with due process of law”).