**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry Lee FLEMING,**
**Defendant-Appellant.**

**No. 79-2341.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 21, 1982.*

Decided Feb. 11, 1982.

Henry Lee Fleming, pro se.

Clifford J. Proud, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before PELL, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion for reduction of sentence. We affirm.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P. (effective Aug. 1, 1979); Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

## I

On August 31, 1976, Henry Lee Fleming and two others were indicted by the Grand Jury sitting for the Eastern, now Southern, District of Illinois. The three-count indictment charged Fleming and his co-defendants with aggravated bank robbery in violation of 18 U.S.C. § 2113(d), the killing of a person while attempting to avoid apprehension for the robbery in violation of 18 U.S.C. § 2113(e), and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371.

On November 18, 1976, following a three-day trial, Fleming and his co-defendants were convicted on all three counts of the indictment. They received identical consecutive sentences of 25 years for the robbery, 200 years for the killing, and five years for the conspiracy.

All three of the defendants jointly appealed their convictions to this court, which affirmed as to Fleming and one of the co-defendants but reversed as to the other. *United States v. Fleming*, 594 F.2d 598 (7th Cir. 1979). Although the defendants had not challenged their sentences as excessive, then Chief Judge Fairchild wrote in a footnote to the court's opinion:

> This court is inclined to disfavor sentences for a fixed number of years which are wholly unrealistic and truly beyond the power or discretion of the sentencing court. No one raised any objection on this ground and we do not deal with it.

594 F.2d at 600, n.5.

Fleming subsequently sought *certiorari* to the Supreme Court but was denied on June 11, 1979. 442 U.S. 931, 99 S.Ct. 2863, 61 L.Ed.2d 299 (1979).

Returning to the district court, Fleming filed a motion for reduction of sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, on July 18, 1979. In support of his motion, Fleming referred the district court to the comment concerning his sentence which had appeared in this court's earlier opinion. He also claimed that the sentence imposed by the court was inconsistent with the spirit of our system of criminal justice in that it deprived him of all hope of eventual release and robbed him of any incentive for improvement.

Noting that it was aware of this court's comment concerning his sentence, the district judge nevertheless denied Fleming's motion. He stated:

> The seriousness of the crimes and the dastardly, cruel, inhuman and malicious nature thereof are such that petitioner should not be released back into society as it is the opinion of this court that the petitioner can never be rehabilitated. It was and is the Court's intent, as recited by defendant, " * * * to remove appellant from the society for the rest of appellant's natural life, * * *."

## II

At the outset, we note that nothing in our previous opinion binds us on the question of whether Fleming's sentence is excessive. While the court did express some misgiving in that opinion about the sentences imposed by the district court, it specifically declined to rule on that issue because neither party had raised it. The court's comment, therefore, amounted to only dicta. This being so, we turn to a consideration of that issue here.

A reviewing court may not change or reduce a sentence imposed within the applicable statutory limits on the ground that the sentence was too severe unless the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. *United States v. Main*, 598 F.2d 1086, 1094 (7th Cir.), *cert. denied*, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979). Applying this rule to the facts of this case, the first question to be determined is whether the sentences imposed by the court fall within the statutory limits.[1]

---

1. Although he did not raise the issue below, Fleming also argues on appeal that his sentence is grossly disproportionate to his crime and therefore constitutes cruel and unusual punishment under the Eighth Amendment.

This argument clearly fails. The Supreme Court recently upheld a mandatory life sentence imposed under a Texas recidivist statute for the third of three nonviolent property crimes. *Rummel v. Estelle*, 445 U.S. 263, 100

As previously indicated, Fleming was convicted of conspiracy to commit bank robbery contrary to 18 U.S.C. § 371, aggravated bank robbery contrary to 18 U.S.C. § 2113(d), and killing a person while attempting to avoid apprehension for the robbery contrary to 18 U.S.C. § 2113(e). The sentences of five years and 25 years for the first two offenses are the statutory maximum terms of imprisonment for those offenses and therefore meet the first part of the test. The sentence of 200 years for the third offense also does not exceed the statutory maximum.

Section 2113(e) provides that one found guilty under that section "shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct." This language has been interpreted to mean "that the aggravation of the bank robbery by the use of such violence against persons to avoid apprehension subjects the offender to a sentence of ten years at least and above that to any term of years fixed by the court and, if so directed by the jury, to the death penalty." *Carter v. Johnston*, 145 F.2d 882, 883 (9th Cir. 1944); *Binkley v. Hunter*, 170 F.2d 848, 850 (10th Cir.), *cert. denied*, 336 U.S. 926, 69 S.Ct. 645, 93 L.Ed. 1087 (1948). In other words, § 2113(e) contains no maximum term of imprisonment. Under this interpretation, Fleming's sentence of 200 years for killing another person while attempting to avoid apprehension was not beyond the statutory limits.

We therefore turn to the second part of the *Main* test to determine whether, in imposing sentence, the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all.

■ A reading of the district court's orders denying Fleming's Rule 35 motion and his request for reconsideration reveal that the district court did in fact exercise its discretion in imposing sentence. The district court stated that it had imposed such severe sentences because of the brutal manner in which the offenses had been committed. In light of Fleming's conduct, the court concluded that he was beyond rehabilitation and that he should therefore be removed from society for the rest of his natural life. Fleming does not claim that the district court relied on improper or unreliable information in reaching this conclusion, and the facts of the case, recounted by this court in its previous opinion, clearly reveal the brutal nature of the offense.

It should also be noted, however, that a sentence of 200 years does not mean that Fleming will spend the remainder of his life in prison. Under the applicable parole statute, a person serving a sentence of thirty years or more becomes eligible for release on parole after serving ten years. 18 U.S.C. § 4205(a). Moreover, 18 U.S.C. § 4206(d) states that a prisoner must be released on parole after serving "two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term" unless the Parole Commission "determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime."

Under these circumstances, we cannot say that the district court was required to have granted Fleming's motions. Whether we agree or disagree with the district court's sentencing determination, it is not for us to set aside a statutorily authorized sentence in the absence of an abuse of discretion. *See e.g. United States v. Mooney*, 654 F.2d 482, 487 (7th Cir. 1981). We find no abuse of discretion here. Accordingly, the judgment of the district court is affirmed.

S.Ct. 1133, 63 L.Ed.2d 382 (1980). If a life sentence was not sufficiently disproportionate to constitute an Eighth Amendment violation in *Rummel*, we do not see how it could be considered so here. *See also Hutto v. Davis*, ——

U.S. —-—, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (Prison term of forty years and fine of $20,000 for possession and distribution of nine ounces of marijuana does not constitute cruel and unusual punishment.).