**UNITED STATES of America, Plaintiff-Appellee,**

*v.*

**William T. PLAIN and Colin E. Getty, Defendants-Appellants.**

Nos. 87–2618, 87–2722.

United States Court of Appeals, Seventh Circuit.

Submitted July 28, 1988.[*]

Decided Sept. 6, 1988.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a); Fed.R.App.P.; Circuit Rule 34(f). (Defendant Plain and the Assistant United States Attorney each filed a statement requesting that oral argument *not* be held in this case). As no party has filed a statement requesting that oral argument be held, the cases have been submitted for appeal on the briefs and records.

914

William T. Plain, Rochester, Minn., pro se.

Michael Q. Jones, Urbana, Ill., for defendants-appellants.

Frances C. Hulin, Asst. U.S. Atty., Danville, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, WOOD, Jr., and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Defendants–Appellants Colin E. Getty and William T. Plain were charged in a

three-count indictment with (1) conspiracy to possess with intent to distribute more than 500 grams of cocaine, (2) possession with intent to distribute more than 500 grams of cocaine, and (3) distribution of over 500 grams of cocaine, pursuant to 21 U.S.C. §§ 846 and 841(a)(1). Following a written plea agreement, defendants pleaded guilty to counts one and two of the indictment as amended to reflect a quantity of less than 500 grams of cocaine. As to count one, the imposition of the sentence was suspended and the defendants were placed on probation for a term of five years. As to count two, the district court sentenced the defendants to a term of nine years' imprisonment for possession with intent to distribute a controlled substance, along with a three-year term of special parole. Both defendants were ordered to participate in programs for controlled substance abuse and psychotherapy. Each defendant was ordered to pay a fine of ten thousand dollars and to forfeit the sum of nine thousand five-hundred twenty dollars, the profits from a cocaine delivery occurring on December 23, 1986. Defendant Plain was also ordered to forfeit a 1984 Cadillac.

Defendants sought in their Rule 35 motions to reduce the sentences imposed, claiming that the district judge was misinformed by the United States Probation Office about the parole guidelines and their respective salient factor scores in the presentence investigation reports. These motions were denied. Defendants appeal.[1]

I.

The sole issue on appeal is whether the district judge abused his discretion in denying defendants' respective Rule 35 motions for resentencing.

Defendants rely upon the arguments presented to Judge Baker in their Rule 35 motions.[2] Specifically, defendants allege

1. Defendants appealed separately from the denial of their Rule 35 motions, which this court has consolidated on appeal.

2. The amended version of Rule 35 went into effect on November 1, 1987. Defendant Getty was sentenced on April 21, 1987, and his motion

under Rule 35 was denied on September 24, 1987. Defendant Plain was sentenced on April 27, 1987, and his motion under Rule 35 was denied on September 24, 1987. Because defendants' motions fall within the parameters of the time limit before the amended version of Rule

that the district judge was misinformed by the United States Probation Office as to the correct parole guidelines.[3] Defendants claim the guidelines should have been estimated at twenty-four to thirty-six (24–36) months rather than thirty-six to forty-eight (36–48) months, as they claim they were entitled to lower salient factor scores in their presentence investigation reports. Defendants argue that had the district judge been properly informed, he would have imposed a lighter sentence.

## A.

Rule 35 of the Federal Rules of Criminal Procedure states, in relevant part:

(a) *Correction of Sentence*

The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) *Reduction of Sentence*

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

FED.R.CRIM.P. 35.

This court's review of the denial of a Rule 35 motion is limited to a determination of whether the sentence is within the requisite legislative limits and whether the imposition of the sentence rose to the level of an abuse of discretion by the trial court.[4] *United States v. Davies,* 683 F.2d 1052, 1054 (7th Cir.1982). "A sentence which is within the limits established by statute under which it is imposed will not be vacated upon review unless the sentencing judge relied upon improper considerations or unreliable information in exercising his dis-

---

35 became law, defendants' motions were properly considered under the then-existing Rule 35.

**3.** "Parole guidelines" are a statement of policy and set the outer parameters for the Parole Commission within which sentences must be imposed. A defendant may not challenge his release date for parole under § 2255 based on a statement of a trial judge at the defendant's sentencing hearing speculating on when defendant might be released, since the question of when to release a defendant rests solely within the control of the Parole Commission. The Parole Commission must exercise its discretion within the parameters allowed by statute, but the determination of when to release a defendant rests solely with the Commission. The United States Supreme Court has stated, "[A] judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." *United States v. Addonizio,* 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979).

**4.** Defendants challenged the accuracy of the prosecution's calculation of their salient factor scores in their presentence investigation reports prior to the sentencing hearing. Defendant Getty's attorney filed a Statement of Errors and Objections to the Presentence Report, pointing out alleged mistakes in the salient factor score calculation in the prosecution's interpretation of the report. Specifically, both defendants claimed that there were errors in the prosecution's calculation of their salient factor scores based on alleged mistakes in the amount of cocaine involved in defendants' transactions and in the duration of the time period in which the transactions occurred. (Defendant also alleged other errors in the prosecution's interpretation of the presentence investigation report, notably: Defendant Getty's correct legal residence; the correct date of arrest of both of the defendants; inclusion of statements by defendant Plain to law enforcement authorities after defendant Getty had been promised by the U.S. Attorney that such statements would not be used against him; and the duration of time defendant Getty spent in youth camp). To eliminate the need for a hearing under FED.R. CRIM.P. 32, the prosecution's interpretation of the presentence investigation report was ordered expunged from the report. The district judge, in his order on final disposition, stated that he relied upon the prior record of the defendant, his life history, and his current offense in weighing his sentence. The court noted at the sentencing hearing that the prosecution's interpretation of the presentence report had been expunged and was not considered in sentencing.

cretion or failed to exercise any discretion at all in imposing the sentence." *United States v. Harris,* 761 F.2d 394, 402–03 (7th Cir.1985). Therefore, our review is limited to whether the trial judge based his sentences on improper information contained in the presentence report, or failed to exercise any discretion in imposing the sentences. *Harris,* 761 F.2d at 403.

District courts have limited power under Rule 35(b) of the Federal Rules of Criminal Procedure when reducing a sentence under certain circumstances within 120 days after the sentence is imposed. FED.R.CRIM.P. 35(b). *See United States v. DeMier,* 520 F.Supp. 1160 (W.D.Mo.1981), *aff'd,* 671 F.2d 1200 (8th Cir.1982). (District judge determined that "material false assumptions" about the parole guidelines warranted his reduction of the defendants' sentences). This is within the discretion of the district judge. "The function of Rule 35 is to allow the district court to decide if, on further reflection, the sentence seems unduly harsh." *United States v. Ames,* 743 F.2d 46, 48 (1st Cir.1984), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 927, 83 L.Ed.2d 938 (1985). In the case at bar, however, Judge Baker reviewed his earlier findings and chose to let them stand.

"The Supreme Court has held that convicted defendants have a due process right to be sentenced on the basis of accurate information." *United States ex rel. Welch v. Lane,* 738 F.2d 863, 864 (7th Cir.1984), citing *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972), and *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948). In *Tucker,* the defendant had been sentenced in part on the basis of a prior conviction which was later found to be unconstitutional because the defendant had not been represented by counsel. The Supreme Court affirmed the court of appeals decision vacating the sentence:

> For we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude. As in *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, 'this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.' *Id.* at 741, 68 S.Ct. at 1255.

*Tucker,* 404 U.S. at 447, 92 S.Ct. at 591–92.

Under *Tucker,* "a sentence must be set aside where the defendant can show that false information was part of the basis for the sentence. The two elements of that showing are, first, that information before the sentencing court was inaccurate, and second, that the sentencing court relied on the misinformation in passing sentence." *Lane,* 738 F.2d at 865.

■ The caselaw suggests that the facts at bar do not fall within the ambit of "misinformation" sufficient to trigger *Tucker.* In *Tucker,* the Supreme Court considered a case where a sentencing judge gave specific consideration to a prisoner's previous convictions before imposing sentence upon him. It later became clear that two of those convictions were wholly unconstitutional under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and were then challenged and set aside. 404 U.S. at 447, 92 S.Ct. at 591. In contrast, the instant case involves a disagreement as to defendants' approximate release dates and the district judge's consideration of these dates in handing down the sentences. This is not "misinformation of a constitutional magnitude" as described in *Tucker.*

In *United States v. Dean,* 752 F.2d 535 (11th Cir.1985), *cert. denied,* 107 S.Ct. 97, 479 U.S. 824, 93 L.Ed.2d 48 (1986), the Eleventh Circuit discussed a case similar to the one at bar, save that the district judge in *Dean* had granted the defendant's Rule 35(a) motion. In *Dean,* the defendant alleged that the sentencing court had relied on an erroneous prediction by a probation officer concerning the length of time Dean would likely serve in prison prior to parole. The probation officer predicted that, under the Parole Commission's guidelines, Dean would likely serve between twenty-four and thirty-six months prior to parole. Later, the Parole Commission determined that Dean would not become eligible for parole

until he had served forty to fifty-two months of his five-year sentence. After an exchange of letters between Dean, the district court, and the Parole Commission, the Commission affirmed its prior decision as to Dean's parole eligibility. The district court subsequently granted Dean's motion, "modified" Dean's sentence "to be limited to time already served by the defendant," and ordered Dean released from prison *instanter*. The government filed a notice of appeal on the grounds that the district court lacked the authority to reduce Dean's sentence. *Dean*, 752 F.2d at 538–539. In reversing, the Eleventh Circuit noted that "[t]he Supreme Court's decision in *United States v. Addonizio* ... completely forecloses Dean's argument that the sentence was 'illegal' merely because the sentencing judge was mistaken about the length of time Dean would likely serve prior to parole." *Id.* at 543. The court added:

A sentence is not 'illegal' simply because the original sentencing judge mistakenly believed that the Parole Commission would release the defendant before the end of the defendant's full sentence. Whether the sentencing judge's belief was based on the judge's own knowledge of the parole system or on a prediction contained in the presentence report is irrelevant. The authority to determine whether a defendant will be released on parole is vested in the Parole Commission, not the sentencing judge. The sentencing judge may not use Rule 35(a) as a means to usurp the authority of the Parole Commission.

*Dean*, 752 F.2d at 544.

In *United States v. Katzin*, 824 F.2d 234, 241 (3rd Cir.1987), the Third Circuit addressed the question of whether a sentencing judge has to resolve all disputes of fact concerning the presentence investigation report prior to sentencing. In *Katzin*, the defendant claimed that he was prejudiced by a substantial difference between the guidelines projected by the presentence investigation report and the preliminary assessment of the Parole Commission. Katzin therefore filed a Rule 35 motion seeking a reduction of his sentence. Katzin claimed, among other things, that the dis-

trict court should have held a hearing because the court had relied on the estimated guidelines in the presentence investigation report in structuring his sentence. "Essentially, Katzin contends that if the sentencing judge relied on a mistaken parole estimate, he must reconsider his sentence; he must therefore hold a hearing to determine whether that previous parole estimate was or was not mistaken." *Katzin*, 824 F.2d at 237. The Third Circuit, however, did not find Katzin's argument convincing. The court stated:

We cannot, however, find any violation of Rule 32 here. The contents of a PSI [presentence investigation] are determined primarily by the needs of the court at 'sentencing.' [footnote omitted] Nothing in Rule 32 requires that the PSI provide all the information necessary for a parole determination. Furthermore, although the rule effectively mandates that the court not mislead prison or parole officials by indicating reliance on disputed and unresolved issues of fact, the rule does not require that the district court actually resolve all disputes of fact. If the court determines that disputed information is not material to its sentencing decision, it need not make findings of fact or even admit testimony.

*Katzin*, 824 F.2d at 239.

Katzin had requested a hearing to prevent the Parole Commission from using the incorrect guidelines. The Third Circuit did not agree, concluding:

Even if we assume that reliance on incorrect guidelines may sometimes require resentencing, due process does not require that a court resolve factual disputes in advance to prevent the Parole Commission from making mistakes.

*Katzin*, 824 F.2d at 241. The Third Circuit went on to say that, "The [district] court's rejection of the [Rule 35] motion can only mean that the different guideline projection did not alter the court's view of an appropriate sentence." *Id.*

In this circuit, we have stated that "[t]his Court 'may not change or reduce a sentence imposed within the applicable statutory limits on the grounds that the sen-

tence was too severe unless the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence.'" *United States v. Bush,* 820 F.2d 858, 862 (7th Cir.1987), (quoting *United States v. Fleming,* 671 F.2d 1002, 1003 (7th Cir.1982)).

"The decision to grant or deny a timely filed Rule 35 motion is a matter of pure discretion." *United States v. Rovetuso,* 840 F.2d 363, 365 (7th Cir.1987). A Court of Appeals has no power "to change or reduce sentences imposed within the requisite legislative limits on the ground that the sentence is too severe, *Townsend v. Burke,* 334 U.S. 736 [68 S.Ct. 1252, 92 L.Ed. 1690] ... (1948), unless the trial court failed to exercise any discretion at all in imposing sentence." *United States v. Dawson,* 642 F.2d 1060, 1062 (7th Cir.1981). In *United States v. Kajevic,* 711 F.2d 767, 771 (7th Cir.1983), *cert. denied,* 464 U.S. 1047, 104 S.Ct. 721, 79 L.Ed.2d 182 (1984), this court acknowledged that "a timely denial [of a Rule 35 motion] without reasons will be, for all practical purposes, unreviewable." As in *Katzin,* we interpret Judge Baker's rejection of the motion to mean that the guideline estimates proffered by defendants did not alter the court's view of an appropriate sentence. *Katzin,* 824 F.2d at 241.

In the instant case, each of the defendants filed a Rule 35 motion,[5] setting forth the information concerning the allegedly inaccurate estimate of eligibility for parole under the parole guidelines and his rationale for why his sentence should be reduced. Specifically, each defendant claimed that the court's estimation of when the conspiracy began was inaccurate. The district judge reviewed the motions and denied them, stating in each case, "The court has reviewed the defendant's motion and finds that the sentence imposed was a just and proper one." As we said in *United States v. Neyens,* 831 F.2d 156 (7th Cir.1987):

> Congress prescribes a range of sentences usually limited by a maximum term of imprisonment. Within this range of sentences, the courts are free to impose a sentence, taking into consideration the circumstances surrounding the crime, the needs of the offender, and the goals of society. The parole commission then selects how much of that sentence the defendant ultimately will serve. *United States v. Grayson,* 438 U.S. 41, 47, 98 S.Ct. 2610, 2614, 57 L.Ed.2d 582 (1978); *Moore v. Nelson,* 611 F.2d 434, 439 (2nd Cir.1979). To show a violation of the doctrine of separation of powers, Neyens must establish that the district judge was attempting to set a parole release date. *See United States v. Addonizio,* 442 U.S. 178, 189 n. 15, 99 S.Ct. 2235, 2242 n. 15, 60 L.Ed.2d 805 (1979) (trial judge precluded from determining release on parole). Thus only if the district judge's consideration of 18 U.S.C. § 4205(a) can be construed as fixing a release date can the doctrine of separation of powers be violated.

---

5. There has been some confusion in this case as to whether plaintiffs were seeking review of their cases under Rule 35(a) or 35(b) of the Federal Rules of Criminal Procedure. In each of his orders denying the "Rule 35" motions, Judge Baker states that, "This matter is before the court on the defendant's motion under Fed. R.Crim.P. 35 for reduction or modification of sentence." The district judge does not specify whether his order was under Rule 35(a) or 35(b), but the words "reduction or modification" comport with a 35(b) interpretation. Still, defendant Getty's counsel on appeal claims that the Rule 35 motion should be viewed as a Rule 35(a) motion, alleging that the district judge was misinformed as to the sentencing guidelines and therefore the sentence was illegal. We are at a loss to understand why this should be the case.

For purposes of Rule 35, courts have held that an "illegal sentence" is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize. *United States v. Ames,* 743 F.2d 46, 47 (1st Cir.1984), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 927, 83 L.Ed.2d 938 (1985). None of these factors apply in the instant case. Rather, defendants argue that they were sentenced according to erroneous information in the presentence investigation report and that their sentences should be "reduced or modified" as a result—more akin to a 35(b) motion than a 35(a) motion.

The statute considered by the district judge, 18 U.S.C. § 4205(a), has the effect of setting parole eligibility dates only, and not release dates. A district judge may properly consider eligibility in determining a sentence. *See Warden v. Marrero*, 417 U.S. 653, 658, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) ('parole eligibility can be properly viewed as being determined—and deliberately so—by the sentence of the district judge'). Indeed, such considerations allow the district judge to gauge the effects and likely consequences of his sentencing decisions and thereby ensure that sentences reflect the needs of the offender and the public. To say that the consideration of eligibility dates somehow also determines release is, however, an entirely different matter. Considerations of eligibility via 18 U.S.C. § 4205(a) in no way equal the setting of release dates. The Court in *Addonizio* made it clear that the 'judge has no enforceable expectations with respect to actual release of a sentenced defendant short of his statutory term.' *Addonizio*, 442 U.S. at 190, 99 S.Ct. at 2243. The decision as to the actual release date is still within the authority of the parole commission. *Id.* at 189–90, 99 S.Ct. at 2242–43.

*Neyens*, 831 F.2d at 161–62.

■ As in *Neyens*, the defendants here confuse calculating the parole eligibility dates with setting the parole release dates. "Thus only if the district judge's consideration of 18 U.S.C. § 4205(a) can be construed as fixing a release date can the doctrine of separation of powers be violated." *Id.* The record reflects that the district judge was fully aware of the doctrine of separation of powers. Judge Baker stated:

(At the sentencing hearing for defendant Getty)

THE COURT: Now, let me say this to you, Mr. Getty, that's [a] low guideline sentence.

MR. GETTY: Yes, sir.

THE COURT: Don't get your hopes up. You are eligible for parole in 36 months. *I don't know what the Bureau will do or the Parole Commission, but you*

*pass through the jurisdiction of this Court to the executive branch of government*, and had I imposed 15 years or 12 years—had I imposed 12 years, as I commented to Mrs. Hulin [the Assistant United States Attorney], they would keep you 48. With nine years, they may very well keep you 48.

(Emphasis added).

(At the sentencing hearing for defendant Plain, Plain's counsel at sentencing, Mr. Streicker, acknowleged that his client should serve between 36–48 months):

MR. STREICKER: ... During the course of Colin Getty's sentencing, I've had occasion to read the order you entered, Your Honor, subsequent to that. And in the order you state, I believe, that the offense that Getty committed, and it's the same offense here, while serious doesn't warrant going beyond the parole guidelines. I respectfully agree with Your Honor that I don't believe that it does. And the guidelines in this case are three to four years, 36 on the bottom and 48 on the top.

THE COURT: Providing it's viewed as a Category 5 offense, a low Category 5 offense.

MR. STREICKER: Yes. And from my analysis of the guidelines it is and the Probation Officer, Mr. Russell, properly categorized it. It is a Category 5 offense.

Contrary to the defendants' assertion, a district judge may properly consider parole eligibility in determining a sentence. *Neyens*, 831 F.2d at 162. To demonstrate a violation of the doctrine of separation of powers, one must establish that the sentencing judge was attempting to set a parole release date. *Id.* The Supreme Court in *Addonizio*, however, made it clear that the "judge has no enforceable expectations with respect to actual release of a sentenced defendant short of his statutory term." 442 U.S. at 190, 99 S.Ct. at 2243. "The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the

Parole Commission." *Id.* at 188, 99 S.Ct. at 2242.

 A sentence within the statutory maximum provided by Congress is subject only to review on appeal for a "manifest abuse of discretion." *United States v. Taggatz,* 831 F.2d 1355, 1362 (7th Cir.1987). Here, defendants' sentences for nine years fall within the applicable statutory limits of fifteen years under 21 U.S.C. §§ 846, 841(a)(1). In *Neyens,* we concluded that "when a district judge imposes a sentence within statutory parameters, within the terms of a binding plea agreement, and exercises proper discretion, the fact that the judge considers the statute governing parole eligibility does not violate the doctrine of separation of powers." 831 F.2d at 162. We are convinced the district judge being well aware of the separation of powers doctrine did not abuse his discretion.

## II.

For the reasons stated above, the judgment of the district court is

AFFIRMED.