908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard T. NEYENS, Defendant-Appellant.
 No. 89-3406.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1990.*
Decided July 17, 1990.
 
 Before WALTER J. CUMMINGS, and HARLINGTON WOOD, JR., Circuit Judges, and WILBUR F. PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 The district court dismissed Richard T. Neyens' Fed.R.Crim.P. 35(a)[1] motion to correct his prison sentence because it lacked jurisdiction.
 
 
 2
 We previously have considered Neyens' direct criminal appeal and upheld his sentence for conspiracy, mail fraud, wire fraud, and interstate transportation of stolen goods. United States v. Neyens, 831 F.2d 156 (7th Cir.1987). Neyens now claims that the judge relied on improper and unreliable information in sentencing him to three consecutive five-year terms of imprisonment. That information was a probation officer's opinion that, under the sentencing guidelines, a person convicted of his crime and sentenced to five years incarceration would actually serve 40 to 52 months. Neyens argues that the judge intended to sentence him to this amount, rather than the minimum of five years that he must serve under his 15-year sentence. 42 U.S.C. Sec. 4205.[2] This, he alleges, constitutes an illegal sentence.
 
 
 3
 We disagree. A sentence is illegal if it " 'is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize.' " United States v. Celani, 898 F.2d 543, 544 (7th Cir.1990) (per curiam) (quoting United States v. Plain, 856 F.2d 913, 918 n. 5 (7th Cir.1987)). Neyens' sentence is none of the above.
 
 
 4
 Rather, as the district court determined, Neyens' motion attacks a sentence for being illegally imposed. He thus was required to file the Rule 35(a) motion within 120 days of the September 16, 1987 affirmation of his sentence, as if the motion were filed under Rule 35(b). This 120-day period is jurisdictional. United States v. Hill, 826 F.2d 507, 508 (7th Cir.1987). The district court properly dismissed Neyens' motion for lack of jurisdiction, since the motion was not filed until June 1989.
 
 
 5
 Neyens' additional claim that the district court should have construed his Rule 35(a) motion as a habeas action under 28 U.S.C. Sec. 2255 because he was denied due process in sentencing is without merit. " 'A district judge may properly consider [parole] eligibility in determining a sentence.' " Plain, 856 F.2d at 919 (quoting Neyens, 831 F.2d at 161). As the district court committed no error, there can be no error of constitutional magnitude.
 
 
 6
 For the foregoing reasons, the decision of the district court dismissing Neyens' Rule 35(a) motion is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 We analyze Neyens' claim pursuant to the Rule 35(a) in effect prior to November 1, 1987, the effective date of the Sentencing Reform Act, which abolished parole. In addition, Neyens must serve his sentence according to the parole statutes in effect prior to November 1, 1987. 42 U.S.C. Secs. 4201-4218
 
 
 [2]
 Oddly, on direct appeal, Neyens asserted that the judge intended for him to serve five years, and argued that the judge's intention violated the separation of powers doctrine by usurping the Parole Commission's authority to set his release date