933 F.2d 1012
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark SCHMANKE, Defendant-Appellant.
 No. 90-1566.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 20, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 While an inmate at the Indiana State Prison, Mark Schmanke became involved with twenty-one others (mostly inmates) in a conspiracy to alter and cash postal money orders. Discovery of the conspiracy led to a grand jury indictment against Schmanke for conspiring to possess and pass altered postal money orders, in violation of 18 U.S.C. Sec. 371; for transmitting and presenting altered postal money orders, in violation of 18 U.S.C. Secs. 2 and 1341; and for engaging in wire fraud, in violation of 18 U.S.C. Secs. 2 and 1343. A jury found Schmanke guilty on all the charges, and the district court sentenced him to twenty years imprisonment. Schmanke directly appealed his conviction, and we affirmed. See United States v. Weaver, 882 F.2d 1128 (7th Cir.1989). He thereafter petitioned for certiorari in the Supreme Court which denied review. Following this denial, Schmanke timely filed a motion for reduction of his sentence. See Fed.R.Crim.P. 35(b) (pre-Guidelines version). The district court denied the motion, and this appeal followed. We affirm.
 
 
 2
 Schmanke argues that the denial of his Rule 35(b) motion was an abuse of discretion. He points out four errors committed by the district court during his sentencing to support the argument: (1) its failure to give him an opportunity to comment on factual inaccuracies in his presentence report; (2) its failure to give him an opportunity to present evidence in mitigation of Agent Ken Keller's testimony; (3) its consideration of two prior, invalid convictions from Indiana; and (4) its reliance on the false testimony of his co-conspirator, Larry Campbell, that he, Schmanke, altered the money orders.
 
 
 3
 With respect to the first two assertions of error, Schmanke failed to raise them in his Rule 35(b) motion before the district court; however, the government does not contend that Schmanke waived these errors, and therefore waives the defense of waiver by failing to raise it on appeal. See, e.g., United States v. Dunkel,No. 89-1841, slip op. at 2 (7th Cir.Mar. 8, 1991); Garlington v. O'Leary, 879 F.2d 277, 281-83 (7th Cir.1989). Because review of the assertions of error do not require a new factual record, we proceed to address their merit. See, e.g., Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 663-64 (7th Cir.1986), cert. denied, 479 U.S. 1092 (1987); Gehl Co. v. C.I.R., 795 F.2d 1324, 1331 (7th Cir.1986).
 
 
 4
 The record belies Schmanke's first assertion that he had no opportunity to comment on (unspecified) inaccuracies in his presentence report. The transcript of the sentencing hearing reveals that the district court complied with the procedure set forth in United States v. Rone, 743 F.2d 1169, 1174 (7th Cir.1984), and that Schmanke had an opportunity to comment on the report. (See Tr. 2478, 2549-2551). To the extent that Schmanke asserts that he had only four minutes to review the report prior to sentencing, the record belies this assertion as well. The transcript of the hearing reveals that at the start of sentencing the district court asked Schmanke whether he had read the report and reviewed it with his lawyer, and Schmanke responded in the affirmative. (Tr. 2478). Just prior to pronouncing sentence the district court asked Schmanke whether there was any reason why sentencing should not proceed, and Schmanke responded in the negative. (Tr. 2556-57). Thus, by all indications from the hearing, Schmanke harbored no reservations about his preparedness in regard to the presentence report. See United States v. Brown, 870 F.2d 1354, 1361 (7th Cir.1989). Moreover, forms for the Receipt and Acknowledgement of Presentence Investigation Report filed in the district court show that Schmanke received a copy of the report ten days prior to the hearing, and that Schmanke acknowledged he received, read and fully discussed the report with his lawyer. (R. 38, 39). These forms, coupled with the transcript from the hearing, constitute dispositive evidence that Schmanke had sufficient time to review the presentence report. See id.
 
 
 5
 With respect to the second assertion, no error arose from the exclusion of evidence in mitigation of the testimony of Agent Keller, since the district court struck this testimony and refused to consider it in sentencing Schmanke. (Tr. 2529-32, 2534). Schmanke concedes as much in his brief. (See Brief at 11).
 
 
 6
 With respect to the third assertion, Schmanke failed to raise it during sentencing, and therefore waives review of this error here. See United States v. Briscoe, 896 F.2d 1476, 1521 & n. 35 (7th Cir.), cert. denied, 111 S.Ct. 173 (1990).
 
 
 7
 With respect to the fourth, and final, assertion, Schmanke must show that the challenged information was inaccurate, and that the district court relied on the misinformation in passing sentence. See United States v. Plain, 856 F.2d 913, 916 (7th Cir.1988). This he failed to do. Schmanke presented no evidence indicating that Larry Campbell's testimony was false. Nor did he present any evidence that Larry Campbell's testimony formed the basis of the sentencing decision. No doubt the district court, in imposing a sentence, could consider evidence of wrongdoing by Schmanke short of an actual conviction. See United States v. Shelton, 669 F.2d 446, 466 (7th Cir.), cert. denied, 456 U.S. 934 (1982).
 
 
 8
 Schmanke faced a possible 90 years for 18 offenses, yet the district court only sentenced him to 20 years. As this sentence was well within statutory limits, we cannot say that the district court abused its discretion in denying Schmanke's Rule 35(b) motion. See Plain, 856 F.2d at 918. The judgment of the district court is accordingly
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record