956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John A. AUTORE, Defendant-Appellant.
 No. 90-3400.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.*
Decided Feb. 26, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge.**
 
 ORDER
 
 2
 John Autore pled guilty to charges stemming from his participation in a conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. Pursuant to a plea agreement with the government, his involvement with the conspiracy was considered terminated on October 31, 1987. As a result, he was not sentenced under the Federal Sentencing Guidelines, but under pre-sentencing reform law which provided for a sentencing range of probation to life imprisonment. The district court sentenced Autore to 12 years imprisonment. Autore then filed a motion for a reduction in sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. He argued that his sentence is excessive when compared to the sentences imposed upon his co-conspirators. The district court denied the motion, and Autore now appeals that judgment. We affirm.
 
 
 3
 We review a district court's denial of a Rule 35 motion under an abuse of discretion standard. United States v. Plain, 856 F.2d 913, 918 (7th Cir.1988). We will not adjust a sentence set within statutory limits unless the district court relied on improper or unreliable information when exercising its discretion, or if it failed to exercise any discretion at all. United States v. Neyens, 831 F.2d 156, 159 (7th Cir.1987).
 
 
 4
 In the present case, Autore asserts that the district court relied on inaccurate information in determining his sentence. He claims the district court erroneously relied upon the government's estimate that Autore had purchased over 1800 pounds of marijuana as part of the conspiracy. In relying on the government's incorrect estimate, the district court imposed a sentence that did not coincide with his true culpability when compared with the sentences imposed upon his co-conspirators. The correct figure, he maintains, is approximately 1000 pounds. If the district court had relied upon this more accurate figure, Autore surmises that he would have been sentenced to a term comparable to that imposed upon lower level members of the conspiracy. Autore contends that six years imprisonment is a more appropriate sentence.
 
 
 5
 We disagree with Autore's assessment of the situation. The district court did not abuse its discretion in relying on the 1800 pound estimate. This figure was a permissible inference from the evidence before the court. Records seized by the government indicated that Autore was linked to the distribution of over 1800 pounds of marijuana from late 1986 through July 1987. He admitted that his affiliation with Gary Butts, the ring leader, dated back to at least 1984. Autore was present at a co-conspirator's farm when a search by law enforcement authorities uncovered $25,000 in Autore's truck, and about 660 pounds of marijuana on the premises. Although given the opportunity, Autore failed to present any evidence to rebut the government's estimate. The district court was certainly justified in viewing Autore as more than simply a low-level dealer in the conspiracy.
 
 
 6
 In arguing that his sentence is disproportionately harsh in relation to certain codefendants, Autore must recognize that it is "[o]nly when a judge imposes disparate sentences on similar defendants without explanation does even an inference of impropriety arise." Neyens, 831 F.2d at 159. Here Autore seeks to equate himself with dissimilar defendants. The district court did not abuse its discretion in finding Autore more culpable than these codefendants, and imposing a sentence which reflects a high position in the conspiracy's hierarchy.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 The Honorable Robert A. Grant, Senior Judge of the United States District Court for the Northern District of Indiana, is sitting by designation