14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony A. TRONCA, Defendant-Appellant.
 No. 93-2244.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.
Decided Dec. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Attorney David Saggio filed a motion and brief pursuant to Circuit Rule 51(a) and Anders v. California, 386 U.S. 738 (1967), to withdraw as counsel in Anthony Tronca's appeal from the district court's denial of the motion to reduce his sentence. Fed.R.Crim.P. 35(b). Although the court notified Tronca of his attorney's motion, he has not responded. Finding Tronca's appeal frivolous, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 In October 1989, Anthony Tronca pleaded guilty to two counts of bank fraud and was sentenced to six months' imprisonment on count one and three years' probation on count two. 18 U.S.C. Secs. 2, 1344. Because of a subsequent indictment in Texas for theft and other probation violations, the district court revoked Tronca's probation in September 1992, and sentenced him to the statutory maximum of five years' imprisonment. Tronca filed a Rule 35(b) motion arguing that new evidence established Texas' intent to delay Tronca's prosecution until he served his federal sentence. Consequently, he contends that the state court would impose a consecutive rather than concurrent term of imprisonment, and that such action would undermine the district court judge's intention not to sentence Tronca harshly. Apparently, the judge stated that he would not " 'pour it on' in light of the incarceration the defendant was bound to face in other jurisdictions." The court denied the motion and Tronca wanted to appeal. Believing the appeal to be frivolous, Saggio filed a motion to withdraw.
 
 
 3
 We will grant a motion to withdraw if we are satisfied that the attorney engaged in a thorough search of the record and the appeal is frivolous. Penson v. Ohio, 488 U.S. 75, 83 (1988) (quoting McCoy v. Court of Appeals of Wisconsin, Dist. I, 486 U.S. 429, 442 (1988)); United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990). An appeal is frivolous if it is groundless in light of legal principles and decisions. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 4
 Under the version of Rule 35(b) applicable for offenses committed before November 1, 1987, a sentence imposed within the statutory limits may be vacated only if the sentencing judge relied on inaccurate or unreliable information or if the judge failed to exercise any discretion. United States v. Barnett, 961 F.2d 1327, 1328 (7th Cir.1992); United States v. Plain, 856 F.2d 913, 915 (7th Cir.1988) (denial of a Rule 35 motion is reviewed for an abuse of discretion). Tronca does not allege that the judge relied on inaccurate information, nor does he suggest that the judge failed to exercise his discretion. He merely states that the judge may not have expected Texas to delay prosecution and that Tronca now faces a longer period of incarceration than the judge intended.
 
 
 5
 There is no evidence that the judge assumed that Tronca would be convicted and would receive a concurrent sentence. Moreover, there were several grounds for revocation reasonably justifying a five year sentence: Tronca failed to report to his Probation Officer, left the judicial district without permission, failed to provide copies of his income tax returns to the Probation Officer, and failed to make restitution. Finally, the district court judge reviewed his sentencing decision and did not find that the result was contrary to his intentions. Indeed, he concluded that the balancing of Tronca's interest in leniency and the community's interest in law enforcement and security justified the imposition of the maximum term of imprisonment based on the seriousness of Tronca's probation violations.
 
 
 6
 Because we cannot find any legitimate legal ground on which to base an appeal, we GRANT counsel's motion to withdraw and DISMISS Tronca's appeal.