67 F.3d 302
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald S. LOWRY, Defendant-Appellant.
 No. 94-2156.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 27, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 For more than a decade, Donald Lowry ran a lonely hearts club and in the process used fraudulent representations and promises to induce persons to send money and gifts which Lowry then put to his personal use. He was convicted of 18 counts of substantive fraud offenses and of conspiracy to commit fraud. 18 U.S.C. Secs. 371, 1341, 1956(a)(1)(A), (b)-(c). Following a direct appeal, as a result of which Lowry's original sentence was vacated, the district court sentenced Lowry to concurrent terms of five years' and fourteen years' imprisonment on the substantive fraud counts to run consecutive with a five year term of imprisonment on the conspiracy count. With respect to the substantive fraud counts, Lowry was sentenced in accordance with the law in effect before the enactment of the Sentencing Guidelines. Lowry appeals the district court's denial of the motion to reduce his pre-Guidelines sentence under Federal Rule of Criminal Procedure 35(b). We affirm.
 
 
 2
 Rule 35(b), applicable to offenses committed prior to November 1, 1987, permits the district court to decide upon further reflection that the sentence imposed was unduly harsh and to reduce the sentence. United States v. Plain, 856 F.2d 913, 916 (7th Cir.1988). The decision to grant or deny a timely filed Rule 35(b) motion is a matter of pure discretion and therefore our review of the district court's decision is extremely limited. United States v. Byerley, 46 F.3d 694, 700 (7th Cir.1995). A sentence within the statutory limits will not be vacated unless the sentencing judge relied upon improper information contained in the presentence report or failed to exercise any discretion in imposing the sentences. Plain, 856 F.2d at 916; United States v. Rovetuso, 840 F.2d 363, 365 (7th Cir.), cert. denied, 484 U.S. 903 (1987).
 
 
 3
 Here the district court acknowledged that Lowry "performed some good during the time that he [had already spent] in prison concerning some drug rehabilitation programs," but concluded that to grant a reduced sentence "pursuant to the discretion [the court possessed] under Rule 35 ... would deprecate the seriousness of what happened." The district court did not abuse its discretion at sentencing simply because it did not weigh Lowry's creation of a drug rehabilitation program as heavily as Lowry would have liked. See United States v. George, 891 F.2d 140, 143 (7th Cir.1989). Nor does the length of the prison term imposed in this case manifest an abuse of discretion. Although Lowry contends that the district court imposed a harsher sentence at resentencing, the record indicates that he received only a nineteen-year term of imprisonment compared to a twenty-seven-year term of imprisonment following the original sentencing hearing. The denial of the Rule 35(b) motion is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record