**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued October 16, 2008
Decided January 14, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1254

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07-CR-108-S-01 |
| RANDY R. JEFFERSON, | |
| *Defendant-Appellant*. | John C. Shabaz, |
| | *Judge*. |

**ORDER**

Randy Jefferson pleaded guilty to conspiring to distribute fifty grams or more of cocaine base.  *See* 21 U.S.C. § 846.  The district court sentenced Jefferson to 294 months' imprisonment, the middle of the guidelines range.  Jefferson argues that the district court abused its discretion by not properly considering the factors in 18 U.S.C. § 3553(a), denying him a reasonable opportunity to be heard at sentencing, and failing to rationally consider the effect of the sentence imposed.  All three contentions are without merit.

In November 2007, Randy Jefferson pleaded guilty to conspiring to distribute fifty grams or more of cocaine base. The district court calculated a total offense level of 34, including a one-level increase for Jefferson's career offender status due to two prior convictions for controlled substance offenses. U.S.S.G. § 4B1.1(a). His career offender status also increased his criminal history category from III to VI, resulting in an advisory sentencing range of 262-327 months' imprisonment.

Defense counsel argued for a sentence at the bottom of the guideline range. Counsel spent most of his argument talking about how he "wish[ed]" he could argue for a sentence without the career-offender enhancement in the 168-to-210 month range. In support of a 262-month sentence, defense counsel repeatedly argued that even the 168-to-210 month range would be enough and that Jefferson did not warrant the harsh sentencing given to most other career offenders. Jefferson's career-offender status resulted from only two prior convictions, one of which was a relatively small-scale drug offense and neither of which was a crime of violence. He also discussed Jefferson's tumultuous upbringing and his positive present relationships with friends and family.

Though Jefferson did not explicitly request a downward departure, the district court felt it necessary to explain that there was no justification for a departure. In response to counsel's emphasis on the sufficiency of a 168-to-210 month sentence, the court responded that such an argument was "not appropriate" in this case. In rejecting calls for leniency, the court discussed "the nature and circumstances" of the offense, "the history and characteristics" of the defendant, and the need for deterrence, protection of the community, and accountability. The court went on to describe Jefferson's history of drug distribution and use and his status as a career offender.

Despite requests from both the defense and the government for a sentence of 262 months, the court imposed a term of 294 months. In selecting a mid-range sentence, the court emphasized Jefferson's long history of daily drug use and mentioned the fact that the amount of cocaine he distributed fell in the middle of the drug quantity table range. The court also observed that a sentence at the bottom of the guidelines range would "deprecate the seriousness of the offense."

When discussing concerns about recidivism and deterrence, the court mentioned Jefferson's approximate age upon release. The court noted that the sentence would incarcerate Jefferson until at least his late 50's, an age at which he would be unlikely to resume drug dealing. The court later noted that Jefferson might be 55 or 70 years old upon release and concluded that the Bureau of Prisons will determine how many years he will be incarcerated. Under the sentence imposed, Jefferson will be at least 58 years old upon release.

Jefferson first questions whether the district court failed to meaningfully consider the factors listed in 18 U.S.C. § 3553(a). *See United States v. Johnson*, 427 F.3d 423, 426-27 (7th Cir. 2005). When the sentence imposed falls within the guidelines range, we presume that the district court gave the § 3553(a) factors meaningful consideration and accordingly requires little explanation of the factors. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005) (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)). As a general rule, we do not overturn guideline sentences unless the defendant can demonstrate that the sentence is unreasonable when measured against § 3553(a). *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Jefferson fails to make that showing. The district court was not required to discuss each factor individually. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). The court needed only to make clear that it considered the factors when determining Jefferson's sentence. *Id.* In this case, the court went beyond a mere recitation of factors and specifically discussed Jefferson's continued involvement with illegal drugs over the past eight years, his active role in distribution, and the large quantity of drugs he distributed. We require nothing further from the district court. *Dean*, 414 F.3d at 729 (quoting *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005)).

As part of his § 3553(a) argument, Jefferson complains that the district court irrationally imposed a mid-range sentence primarily based on the quantity of drugs he sold. Jefferson asserts that the district court irrationally equated his sale of 1,109 grams of crack, an amount in the middle of the 500 gram to 1.5 kilogram range, with a term in the middle of his sentencing range. But Jefferson simply mischaracterizes the district court's reliance on this point. The court never explicitly predicated the mid-range sentence on the quantity of drugs. Rather, the court focused on the need for deterrence, for protection of the community, for adequate correctional treatment, and several other appropriate factors. More specifically, the court noted that Jefferson's continued distribution "gets him to the middle."

Jefferson's second point of contention is that the district court mistook his request for a sentence at the bottom of the guidelines range as a request for a downward departure. According to Jefferson, this mistake denied him a meaningful opportunity to be heard at sentencing. But Jefferson cites no authority that supports his interpretation of his right to be heard. The only case he mentions in his brief is *Burns v. United States*, 501 U.S. 129, 136-37 (1991), but that case discusses a right to be heard when the district court plans to depart from the sentencing guidelines. If the court does not plan to depart, it need only give the defendant an opportunity to highlight any § 3553(a) factors that might warrant a variance from the applicable range. *Dean*, 414 F.3d at 730-31. We have never recognized a general right to be heard when a defendant is sentenced within the guideline range and wants an

alternate sentence within the range. Moreover, Jefferson cannot seriously contend that he was deprived of the opportunity to argue the relevant sentencing factors. His counsel spent a portion of his sentencing argument discussing the lower sentencing range that would have applied if Jefferson did not qualify for the career offender enhancement, asserting that as a reason that the low end of the career offender range should be chosen for the sentence. So, the district judge's comments are more properly understood to have been a response to that argument rather than a misunderstanding of it.

It would be a stretch to conclude that the court's treatment of Jefferson's argument deprived him of an adequate opportunity to request a sentence at the bottom of the guidelines. But even if the judge's understanding of the point Jefferson's counsel was attempting to make was erroneous, the error was harmless. Jefferson does not allege that the district court failed to consider any factors relevant to his case, such as his ties to family. He only argues that the court failed to comprehend what counsel proposed as the requested sentence, and he does not demonstrate why this is grounds for reversal. Furthermore, the court did specifically find that, due to the seriousness and longevity of Jefferson's conduct, a sentence at the bottom of the guidelines range would "deprecate the seriousness of the offense." As noted above, the judge did remark that the sentence "is not at the bottom because his continued distribution gets him to the middle."

Jefferson's next argument is that the district court did not meaningfully consider the effect of the sentence imposed. In addition to mischaracterizing the events at sentencing, Jefferson does not indicate how the court's actions harmed him. The district court observed that "a sentence at the middle of the applicable advisory guideline range will incarcerate the defendant until he is at least in his late 50s" and recognized that it was not the party responsible for calculating the release date. This statement is as clear a consideration of the sentence imposed as is possible to give; nothing more is required. *Rita*, 127 S.Ct. at 2468. Jefferson focuses on the court's statement that Jefferson could be 55 or 70 at the time of release, when in fact he will be at least 58 years old. But even if this could be considered a mistake, we have never held that a district court's mistaken calculation of time of release is a meritorious ground for appeal. *United States v. Plain*, 856 F.2d 913, 916 (7th Cir. 1988).

Moreover, as the district court recognized, a sentencing judge lacks authority to determine when a defendant will be released, and any possible calculation error by that judge would not render the sentence invalid. *United States v. Dean*, 752 F.2d 535, 544 (11th Cir. 1985). To the extent Jefferson argues that the district court did not properly consider his likelihood to reoffend, we allow wide discretion for the district court to balance considerations of age upon release. *United States v. Bullion,* 466 F.3d 574, 577 (7th Cir. 2006); *see also United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006) (stating that "age is normally not relevant to sentencing, unless the defendant is elderly and infirm").

Lastly, Jefferson asserts that the district court mistakenly characterized his eight-year history of daily drug use as an eight-year history of daily distribution. (This point was not raised until oral argument on appeal.) At sentencing, the court referred to Jefferson's "active role in the distribution of illegal drug use for many years on a daily basis, at least eight years recently that we know of." This comment is somewhat confusing; it is not clear whether the judge was commenting on Jefferson's drug use, distribution or both. And no contemporaneous objection was made regarding the comment. Although the record does not explicitly support eight years of distribution, it contains enough to support an inference of that characterization: Jefferson admitted to eight years of daily drug use; according to a collaborator's statement, Jefferson regularly sold drugs for at least four years prior to his arrest (according to an informant's account); Jefferson had a record of drug convictions stretching well beyond eight years; and Jefferson had not been employed since he was 14 years old. Even Jefferson's counsel conceded in his sentencing presentation that a lot of the money resulting from Jefferson's drug distribution was used to pay for drugs. In light of these facts, the court could reasonably infer an eight-year history of distribution. Even if the court simply misspoke, any error would be harmless unless it reflected a misunderstanding of the record. *E.E.O.C. v. North Knox School Corp.*, 154 F.3d 744, 746 (7th Cir. 1998). The court accurately stated, immediately prior to the "distribution of illegal drug use" comment, that Jefferson "has engaged in illegal drug use on a daily basis for at least eight years," and all other references to the record appear correct. Furthermore, the comment did not form the basis of the sentencing decision but rather occurred during a discussion of Jefferson's career offender status, which he does not contest. The court appeared to have a sufficient understanding of the record at sentencing, and a mistaken use of the word "distribution" would not render the judgment erroneous.

Because the district court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a) and to Jefferson's arguments at sentencing, we affirm Jefferson's sentence.

AFFIRMED.