**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rigoberto SANTANA,**
**Defendant–Appellant.**

**No. 89–50416.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 1990 *.

Decided July 13, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

John Lanahan, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Kimberly D. Allan, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Santana appeals from his sentence imposed following a guilty plea for four counts of bank robbery in violation of 18 U.S.C. § 2113(a). Under the Sentencing Guidelines, his adjusted offense level was 21. Santana is in criminal history category IV. The sentencing range is from 57 to 71 months. Santana was sentenced to 63 months. Santana argues that the district court erred in sentencing him above the minimum guideline range.

The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

■ Santana argues that the district court erred in considering a victim impact statement at the time of sentencing. San-

tana argues that consideration of the victim impact statement violates the Supreme Court's holding in *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987).

*Booth* concerned the consideration of victim impact statements by a jury during the capital punishment phase of a state murder trial. The Court held that such statements could inflame the jury and detract from the defendant's moral culpability "in the unique circumstances of a capital sentence hearing." *Id.* at 504, 107 S.Ct. at 2533. The majority limited the decision to capital punishment cases stating,

> We note, however, that our decision is guided by the fact death is a "punishment different from all other sanctions," and that therefore the considerations that inform the sentencing decision may be different from those that might be relevant to other liability or punishment determinations.... Congress also has provided for victim participation in federal criminal cases. *See* Fed.Rule Crim. Proc. 32(c)(2)(C). We imply no opinion as to the use of these statements in noncapital cases.

*Id.* at 509, n. 12, 107 S.Ct. at 2536, n. 12 (citations omitted). Use of a victim impact statement at sentencing thus does not violate the Supreme Court's holding in *Booth.*

We have recently upheld the use of victim impact statements for sentencing in non-capital cases. Although we did not refer to *Booth* nor did the case present, as this one does, an eighth amendment challenge, we did hold in *United States v. Monaco,* 852 F.2d 1143, 1149–50 (9th Cir. 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989), that "the [district] court did not err in considering the victim impact letters." *Id.* at 1150. We extend that ruling to this case.

■ Moreover, Fed.R.Crim.P. 32(c)(2)(D) (formerly Fed.R.Crim.P. 32(c)(2)(C)) still requires the inclusion of victim impact information in the presentence report. This rule does not conflict with the holding in *Booth* or with the application of the Guidelines. The district court therefore did not

err in considering the victim impact statement at the time of sentencing Santana.

AFFIRMED.