917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wilbert HATCHER, Plaintiff-Appellant,
v.
Jack R. DUCKWORTH, and Indiana Attorney General,
Respondents-Appellees,
 No. 89-3499.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 2, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-Appellant, Wilbert Hatcher, appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 I.
 
 2
 On September 16, 1983, Hatcher was charged with four counts of robbery, four counts of confinement, and was also charged under Indiana law as an habitual offender. On December 17, 1984, Hatcher plead guilty to three counts of robbery and the State agreed not to pursue the remaining counts of the indictment, including the habitual offender charge. On January 22, 1985, the trial court held a hearing for the purpose of accepting Hatcher's plea and sentencing him. The victims of the robberies testified at the hearing as to the impact of the robberies in their lives.
 
 
 3
 Each testified as to emotional trouble, difficulty in sleeping, and fear that had followed the robbery. The trial judge sentenced Hatcher to sixteen years on each of the three counts to run consecutively, stating that he was aggravating the sentences based on Hatcher's prior felony convictions and on his history of using a weapon in committing crimes.
 
 
 4
 The sentence was affirmed in an unpublished order of the Indiana Court of Appeals. Thereafter, Hatcher filed his petition for writ of habeas corpus in the district court. The district court dismissed the petition and Hatcher filed this appeal.
 
 II.
 
 5
 In this appeal, Hatcher raises three issues. Initially, he alleges that the trial court improperly relied on use of a weapon as an aggravating circumstance for sentencing. In addition, Hatcher maintains that the court improperly relied on victim impact evidence in making the decision to enhance his sentence. Finally, Hatcher alleges a due process violation as a result of the sentencing court's reliance on erroneous information in making the sentencing decision.
 
 
 6
 Hatcher's alleges that the trial court's reliance on use of a weapon as an aggravating factor to support the imposition of consecutive sentences was improper, because weapon use was an element of the crime of robbery, for which he was being sentenced. Hatcher's claim is misleading because a review of the record indicates that the trial judge was using Hatcher's use of weapons in previous crimes rather than the robberies as a basis for aggravating the sentence. In any event, Hatcher's claim does not state a claim for habeas relief. In Williams v. Duckworth, 738 F.2d 828 (7th Cir.1984), this court noted that "as a general rule, a federal court will not review state sentencing determinations that fall within statutory limits." Id. at 831 (citing Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001 (1983); Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133 (1980)). The sentence in this case was within the boundaries established by the Indiana legislature and nothing in this case justifies an exception to the rule of limited review of state sentencing determinations; therefore, this claim is not cognizable in a habeas petition.
 
 
 7
 Hatcher next alleges that the trial judge improperly relied on victim impact evidence in making its sentencing determination, relying on Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529 (1987). Hatcher's reliance on Booth is misplaced. In Booth, the Supreme Court prohibited the use of victim impact statements in capital punishment phase of state murder trial. The Booth court specifically did not express any opinion in the use of the statements in noncapital cases, Id. at 509 n. 12, 107 S.Ct. at 2536 n. 12, although the court noted that the decision was "guided by the fact death is a 'punishment different from all other sanctions', and that therefore the considerations that inform the sentencing decision may be different from those that might be relevant to other liability or punishment decisions." Id. (citations omitted).
 
 
 8
 By its express terms Booth is only applicable to capital cases and the Court noted the unique nature of capital cases in announcing its decision in the case. In United States v. Santana, 908 F.2d 506, 507 (9th Cir.1990), the Ninth Circuit held that a sentencing court's use of a victim impact statement in sentencing in a noncapital case was not in violation of Booth. We agree that a sentencing court's reliance on victim impact evidence in sentencing in a noncapital case does not conflict with Booth, and we find no error in the Indiana court's reliance on the victim's testimony in making the decision to enhance Hatcher's sentence.
 
 
 9
 Finally, Hatcher alleges a due process violation resulting form the trial court's use of erroneous information in making the sentencing determination. In United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592 (1972), and Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255 (1948), the Supreme court has held that convicted defendants have a due process right to be sentenced on the basis of accurate information. In United States v. Plain, 856 F.2d 913 (7th Cir.1988), this court noted that before reliance on erroneous information in sentencing will constitute a due process violation it must be "misinformation of constitutional magnitude." Id. at 916 (quoting Tucker, 404 U.S. at 447, 92 S.Ct. at 591-92). In this instance, Hatcher claims that the trial judge relied on misinformation in sentencing, when he stated that Hatcher could still be a father to his minor children upon his release from prison, when those children will actually be adults upon Hatcher's release, and when he stated that he was considering the statements of the three victims who testified, when in fact only two had testified. Even accepting that these discrepancies occurred at the sentencing, they are not errors of sufficient magnitude to trigger the application of Tucker. The errors are, at best, minor disagreements as to insubstantial points which do not implicate due process.
 
 
 10
 Accordingly, the district court's denial of the petition for writ of habeas corpus is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record